**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

YAMANDA OLIVER,                    :
                                   :
              Plaintiff,           :
                                   :
v.                                 :        CASE NO.: 1:12-CV-34 (WLS)
                                   :
JP MORGAN CHASE,                   :
                                   :
              Defendant.           :
_____:

## ORDER

On September 5, 2012, the Court denied Plaintiff *pro se*'s Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) and required Plaintiff *pro se* to pay the full statutory filing fee to proceed. (Doc. 4.) To date, Plaintiff *pro se* has failed to pay the filing fee. Consequently, the Court issued a show cause order to Plaintiff *pro se* on April 9, 2013, ordering Plaintiff *pro se* to show cause within fourteen days, in writing to the Court, as to why her case should not be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). (Doc. 5.) The Order also warned Plaintiff *pro se* of the possibility of the dismissal of her Complaint should she fail to respond. (*Id.*) Plaintiff *pro se* has failed to respond to the show cause order by the required deadline and pay the required filing fee. (*See generally* Docket).

A "district court's power to control its docket includes the inherent power to dismiss a case." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 998 (11th Cir. 1983). Federal Rule of Civil Procedure 41(b) provides that involuntary dismissal of a case is permitted "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Eleventh Circuit precedent holds that "[t]he legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or

willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  In view of Plaintiff *pro se*'s failure to respond to the Court's show cause order, the Court finds that there is a clear record of delay and that Plaintiff *pro se*'s failure to prosecute is willful.

Due to the considerable passage of time without Plaintiff *pro se*'s compliance with either of the Court's Orders, it is **ORDERED** that Plaintiff *pro se*'s Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's Order to show cause, pursuant to Fed. R. Civ. P. 41(b).  It is further **ORDERED** that the above-captioned case is **CLOSED**.

**SO ORDERED**, this  22nd day of July, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**